IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-10147-01-WEB |
| | ) | |
| FRANCES E. HOLT, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum and Order**

This matter is before the court on defendant's "Motion to Change Method by Which Balance of Sentence Is Served." Doc. 17. The motion asserts that defendant has maintained an unblemished record since being incarcerated, she has received a letter from a residential re-entry center indicating it expected her on November 10, 2009, and she currently has an employment position lined up and waiting. The motion, citing 18 U.S.C. § 3553 and 42 U.S.C. § 13882, asks the court to "grant her motion to serve the remainder of her sentence on home confinement."

Ms. Holt was sentenced to 27 months' imprisonment by this court in a judgment entered on December 18, 2008. As noted in *United States v. Blackwell*, 81 F.3d 945 (10th Cir. 1996):

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. *United States v. Caterino*, 29 F.3d 1390, 1394 (9th Cir.1994) ("The authority to change a sentence must derive from some federal statutory authority."); *see also United States v. Hardage*, 58 F.3d 569, 574 (10th Cir.1995) ("[W]ith the exception of certain powers which truly fit the rubric of 'inherent power,'... federal courts cannot act in the absence of statutory authority.").[ ] Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3)

> "upon motion of the defendant or the Director of the Bureau of
> Prisons," or on the court's own motion in cases where the applicable
> sentencing range "has subsequently been lowered by the Sentencing
> Commission." Id. at § 3582(c)(1)(A), (c)(1)(B), (c)(2).

*Id*. at 947-48.

The defendant's motion does not allege that any of the foregoing are applicable in this case. Nor does it allege (or even suggest) that her sentence or the manner in which it is being administered is contrary to law. Under such circumstances, the court has no jurisdiction to change the defendant's sentence.

The court notes that by law, the Bureau of Prisons is charged with designating a prisoner's place of imprisonment, 18 U.S.C. § 3621(a), and the Director of the Bureau of Prisons is responsible for administering programs to ensure reentry into the community, including placement in community correction centers or home confinement. 18 U.S.C. § 3624(c). Under BOP regulations, any inmate may seek review of any issue relating to her confinement by attempting informal resolution with BOP staff and, if that fails, by submitting a formal request for an administrative remedy to the institution where she is incarcerated. *See* 28 CFR § 542.10 and following regulations.

*Conclusion*.

The court is without jurisdiction to change the defendant's sentence or to order her placement on home confinement. Accordingly, the Motion to Change Method by Which Balance of Sentence Is Served (Doc. 17) is DENIED.

IT IS SO ORDERED this __8th__ Day of March, 2010, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge